**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-02202-REB-KMT

RITA K. JONES,

    Plaintiff,

v.

KING SOOPERS, INC.,

    Defendant.

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before me on the **Recommendation of United States Magistrate Judge** [#7][1] filed March 7, 2013.   No objections to the recommendation have been filed.  I approve and adopt the recommendation and grant the motion to dismiss.

Because no objections to the recommendation were filed, I review the recommendation only for plain error.  *See Morales-Fernandez v. Immigration & Naturalization Service*, 418 F.3d 1116, 1122 (10th Cir. 2005).  Finding no error, much less plain error, in the disposition recommended by the magistrate judge, I find and conclude that the recommendation should be approved and adopted as an order of this court.

In her recommendation, the magistrate judge concludes that the plaintiff, Rita K.

---

[1] "[#7]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

Jones, has not served the defendant, King Soopers, Inc., within the 120 days permitted under FED. R. CIV. P. 4(m).  The magistrate judge ordered the plaintiff to show cause why her claims against King Soopers should not be dismissed for lack of service.  The plaintiff did not respond to the order to show cause.

If a plaintiff fails to show good cause for lack of timely service, "the Court should consider several factors in determining whether to grant a permissive extension, including whether the applicable statue of limitations would bar the re-filed action, whether plaintiff is proceeding *pro se*, and whether the defendant is evading service." ***Martinez-Jones v. Dulce Indep. Schs***, 2008 U.S. Dist. LEXIS 42321, 9 (D.N.M. Mar. 14, 2008) (citing ***Espinoza v. United States***, 52 F.3d 838, 842 (10th Cir. 1995)); FED. R. CIV. P. 4(m) advisory committee notes to the 1993 amendments to subdivision (m).

There is no indication that King Soopers is evading service.  The plaintiff asserts claims under Title VII and the Americans with Disabilities Act (ADA).  In her **Amended Complaint** [#5], Ms. Jones alleges that she received a Notice of Right to Sue on May 19, 2012.  *Amended Complaint* [#5], ¶ 5.  She filed her initial complaint [#1] on August 20, 2012, 92 days after she received her Notice of Right to Sue.  A plaintiff has 90 days after receiving a right-to-sue letter in which to file a civil action alleging a violation of Title VII or a violation of the ADA.  42 U.S.C. § 2000e-5(f)(1) (Title VII); 29 U.S.C. § 626(e) (ADA). It appears Ms. Jones' complaint is not timely because it was filed outside of this 90 day period.  Nothing in the current record indicates that any sort of tolling of this period of limitations is applicable.  Given these facts, dismissal of this case without prejudice, based on lack of service of process, will not impair further Ms. Jones' ability to comply with the applicable period of limitations.  Ms. Jones is a *pro se* plaintiff.  On balance, these factors do not weigh in favor of granting a permissive extension to Ms.

Jones.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#7] filed March 7, 2013, is **APPROVED** and **ADOPTED** as an order of this court;

2. That under FED. R. CIV. P. 4(m), the plaintiff's **Amended Complaint** [#5] filed September 20, 2012, is **DISMISSED WITHOUT PREJUDICE** for lack of service; and

3. That judgment **SHALL ENTER** in favor of the defendant, King Soopers, Inc., and against the plaintiff, Rita K. Jones, dismissing the plaintiff's **Amended Complaint** [#5] filed September 20, 2012, without prejudice; and

4. That this case is **CLOSED**.

Dated June 13, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

3